1  **KAZEROUNI LAW GROUP, APC**
   Abbas Kazerounian, Esq. (SBN: 249203)
2  ak@kazlg.com
   Mona Amini, Esq. (SBN: 296829)
3  mona@kazlg.com
   245 Fischer Avenue, Unit D1
4  Costa Mesa, California 92626
   Telephone: (800) 400-6808
5  Facsimile:  (800) 520-5523

6  *Attorneys for Plaintiff,*
   Danny Allen
7
                   **UNITED STATES DISTRICT COURT**
8
                   **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  DANNY ALLEN, individually and on behalf of all others similarly situated, | Case No.:  **'20CV0822 BEN JLB** |
| 12                        Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| 13  vs. | 1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.; AND** |
| 15  LVNV FUNDING, LLC, | 2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.** |
| 16                        Defendant. | |
| | **JURY TRIAL DEMANDED** |

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

CLASS ACTION COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff DANNY ALLEN ("Plaintiff"), individually and on behalf of all others similarly situated, through Plaintiff's attorneys, brings this action to challenge the actions of LVNV FUNDING, LLC. ("Defendant"), with regard to attempts by Defendant to unlawfully, unfairly, and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the statutes herein are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named herein.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"); and (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq.* ("Rosenthal Act" or "RFDCPA").

12. Because Defendant does business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391.

14. At all times relevant, Defendant conducted business within the State of California.

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## PARTIES

15. Plaintiff is a natural person who resides in the City of Escondido, County of San Diego, in the State of California.

16. Defendant is a limited liability company formed under the laws of the State of Delaware and is headquartered in Greenville, South Carolina.

17. Plaintiff is a natural person allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Defendant, in the ordinary course of business, regularly, on behalf of itself, , or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

//
//
//

## FACTUAL ALLEGATIONS

22. Sometime before March 2020, Plaintiff is alleged to have incurred certain financial obligations to Credit One Bank, the "original creditor."

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by Civil Code § 1788.2(d), and a "consumer debt" as defined by Civil Code § 1788.2(f).

25. Sometime thereafter, but before March 2020, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

26. Sometime before March 2020, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

27. On or about March 23, 2020, Defendant called Plaintiff on his cellular phone in in attempt to collect the alleged debt from Plaintiff.

28. On or about March 24, 2020, Defendant called Plaintiff on his cellular phone again in attempt to collect the alleged debt from Plaintiff.

29. Each of these calls to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

30. Each of these communications was a "debt collection" as California Civil Code 1788.2(b) defines that phrase.

31. During these telephone calls, Defendant did not recite the mini-Miranda disclosure to advise Plaintiff of his rights, and failed to inform Plaintiff that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose to Plaintiff that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

33. Through this conduct, Defendant also violated 15 U.S.C. § 1692e(10) by using deceptive means to attempt to collect a debt or obtain information concerning Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendant also violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. Because this conduct violated 15 U.S.C. §§ 1692e(10) and 1692f of the FDCPA, this conduct also violated California Civil Code § 1788.17 as the California Rosenthal Act incorporates by reference the Fair Debt Collection Practices Act.

## CLASS ALLEGATIONS

43. Plaintiff brings this case as a Class Action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff individually and all others similarly situated.

44. Plaintiff represents, and is a member of, the following class (the "Class"):

> All persons within the United States who Defendant communicated with, within one (1) year prior to the filing of the complaint in this action, and failed to inform the consumer that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

44. Plaintiff also represents, and is a member of, the following sub-class (the "Sub-Class"):

> All persons with addresses within the State of California who Defendant communicated with using unfair or deceptive means, within one (1) year prior to the filing of the complaint in this action, by failing to inform the consumer of his/her rights, and failing to inform the consumer that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

45. Plaintiff represents, and is a member of, the Class because Plaintiff received a written communication from Defendant as described above in Defendant's attempt to collect a debt.

46. Defendant, its employees and agents are excluded from the Class.

47. Plaintiff does not know the number of members in the Class, but believes the Class' members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

48. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways:

- Defendant illegally contacted Plaintiff and the Class members via telephone and failed to inform the consumer that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose as required under 15 U.S.C. § 1692e(11),
- Defendant illegally contacted Plaintiff and the Class members by way of an unlawful, unfair, and/or deceptive telephonic collection communication in violation of the FDCPA and California Rosenthal Act which caused Plaintiff damages,
- The United States Congress and California's legislature has determined that this conduct causes persons like Plaintiff harm, to include, "personal bankruptcies, marital instability, the loss of jobs, and to invasions of individual privacy" and that this type of conduct "undermine[s] the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers."

47. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48. The joinder of the Class' members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

49. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class and Subclass members, including, but not limited to, the following:

- Whether, within the one year prior to the filing of this Complaint, Defendant illegally contacted Plaintiff and the Class members via telephone and failed to inform the consumer that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose as required under 15 U.S.C. § 1692e(11);
- Whether, within the one year prior to the filing of this Complaint, Defendant illegally contacted Plaintiff and the Class members by way of an unlawful, unfair, and/or deceptive telephonic collection communication;
- Whether Defendant's conduct was in violation of the FDCPA;
- Whether Defendant's conduct was in violation of the Rosenthal Act;
- Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

50. As a person that received a substantially similar telephone collection communication, Plaintiff is asserting claims that are typical of the Class.

Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

51. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a Class Action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the Class and the Sub-Class member's claims, few, if any, the members of the Class and the Sub-Class could afford to seek legal redress for the wrongs complained of herein.

52. Plaintiff has retained counsel experienced in handling class action claims and claims involving consumer actions and violations of the Fair Debt Collection Practices Act (FDCPA) and the California Rosenthal Fair Debt Collection Practices Act (Rosenthal Act or RFDCPA).

53. A Class Action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation the statutes alleged herein are minimal, as the collective maximum statutory damages for an individual action under the FDCPA and the RFDCPA is $2,000.00 combined. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

54. Defendant has acted on grounds generally applicable to the Class and the Sub-Class, thereby making appropriate final relief with respect to the Class and Subclass as a whole.

//
//

# CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692, ET SEQ.

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et seq*.

57. As a result of each and every violation of the FDCPA, Plaintiff and the Class and Sub-Class members are each entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788, ET SEQ.

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, *et seq*.

60. As a result of each and every violation of the Rosenthal Act, Plaintiff and the Class and Sub-Class members are each entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays that judgment be entered against Defendant as follows:

- That this action be certified as a Class Action on behalf of the Class and the Sub-Class;
- That Plaintiff be appointed as the representative of the Class and the Sub-Class;
- That Plaintiff's counsel be appointed as Class Counsel;
- An award of statutory damages of $1,000.00 for Plaintiff and each member of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees for Plaintiff and each member of the Class, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 for Plaintiff and each member of the Class pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees for Plaintiff and each member of the Class, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of pre-judgment and post-judgment interest as permitted by law; and
- Any and all other relief that this Court may deem just and proper.

## TRIAL BY JURY

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 30, 2020

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ Abbas Kazerounian
 ABBAS KAZEROUNIAN, ESQ.
 MONA AMINI, ESQ.
 *Attorneys for Plaintiff*